UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-2381-UA (KK) | Date | November 24, 2014 |
|---|---|---|---|
| Title | Larry Bailey v. Riverside Sheriffs et al. | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order To Show Cause Why This Action Should Not Be Dismissed for Challenging the Validity of Plaintiff's Conviction

On November 10, 2014, Plaintiff Larry Bailey, a California state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint").[1]  In the Complaint, Plaintiff asks to have his "name clear[ed] for what I did not do."  ECF No. 5 at 2.  Plaintiff states he is "innocent" of the charge for which he was convicted,[2] and that he is the victim of a white supremacist conspiracy.  Id. at 3.  Under the section of the Complaint to explain whether he has exhausted administrative remedies, Plaintiff states that his last "level of appeal" was California Supreme Court case number S221150.  Id. at 2.  According to the California courts' online database, that case number refers to Plaintiff's state habeas corpus petition, which the California Supreme Court denied on November 19, 2014.[3]  Based on these facts, the Complaint appears to challenge Plaintiff's conviction.

---

[1] The Complaint was initially filed in the Northern District of California.  See ECF No. 5 at 1.  However, on November 17, 2014, the action was transferred to this Court.  See ECF No. 8.

[2] The Complaint does not explicitly state the crime for which Plaintiff was convicted.  However, Plaintiff states (1) he is serving a four-year sentence; (2) he was prosecuted in Riverside Superior Court; and (3) his sentence is under California Penal Code section 667.  ECF No. 5 at 5.  Based on those statements, Plaintiff appears to be the same Larry Bailey whose conviction for failing to register as a sex offender was affirmed on February 5, 2014, by the California Court of Appeal, and whose habeas corpus petition challenging that conviction is now pending before this Court.  See People v. Bailey, 2014 WL 462253 (Cal. Ct. App. 2014); Case No. 2:13-cv-4135-JLS-KK.

[3] See California Courts – Appellate Court Case Information, http://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=0&doc_id=2087209&doc_no=S221150.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-2381-UA (KK) | Date | November 24, 2014 |
|---|---|---|---|
| Title | Larry Bailey v. Riverside Sheriffs et al. | | |

A petition for a writ of habeas corpus "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement." Heck v. Humphrey, 512 U.S. 477, 481, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) (citation omitted). "[A] state prisoner's § 1983 action is barred" if "success in that action would necessarily demonstrate the invalidity of confinement or its duration," except where the prisoner's conviction has already been invalidated. Wilkinson v. Dotson, 544 U.S. 74, 81-82, 125 S. Ct. 1242, 161 L. Ed. 2d 253 (2005). Because the Complaint challenges the validity of Plaintiff's conviction, and because the conviction has not already been invalidated, this action is barred.

Plaintiff is therefore ORDERED TO SHOW CAUSE within **fourteen (14) days** of the date of this Order why the Court should not dismiss his Complaint for challenging the validity of his conviction.

As an alternative, Plaintiff may, within **fourteen (14) days** of the date of this Order, request a voluntary dismissal of this action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **A Notice of Dismissal Form is attached for Plaintiff's convenience.**

The Court warns Plaintiff that failure to file a timely response to this Order will result in a recommendation that this action be dismissed.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  | CASE NUMBER |
|---|---|
| Plaintiff(s), |  |
| v. | **NOTICE OF DISMISSAL PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 41(a) or (c)** |
| Defendant(s). |  |

PLEASE TAKE NOTICE: (*Check one*)

☐ This action is dismissed by the Plaintiff(s) in its entirety.

☐ The Counterclaim brought by Claimant(s) _____ is dismissed by Claimant(s) in its entirety.

☐ The Cross-Claim brought by Claimants(s) _____ is dismissed by the Claimant(s) in its entirety.

☐ The Third-party Claim brought by Claimant(s) _____ is dismissed by the Claimant(s) in its entirety.

☐ **ONLY** Defendant(s) _____

is/are dismissed from (*check one*) ☐ Complaint, ☐ Counterclaim, ☐ Cross-claim, ☐ Third-Party Claim brought by _____.

The dismissal is made pursuant to F.R.Civ.P. 41(a) or (c).

_____          _____
*Date*                            *Signature of Attorney/Party*

*NOTE: **F.R.Civ.P. 41(a):** This notice may be filed at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.*

*****F.R.Civ.P. 41(c):** Counterclaims, cross-claims & third-party claims may be dismissed before service of a responsive pleading or prior to the beginning of trial.*